538 A.2d 989

Milton A. Calesnick and Eleanor J. Calesnick, Petitioners *v.* Commonwealth of Pennsylvania, Board of Finance and Revenue, Respondent.

Submitted on briefs October 16, 1987, to Judges MacPhail, Barry, and Senior Judge Narick, sitting as a panel of three.

*Milton A.* and *Eleanor J. Calesnick,* for themselves.

*Bart J. Deluca, Jr.,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

Per Curiam Opinion, March 9, 1988:
Cross-motions for summary judgment are before us for disposition in this equity action brought in our original jurisdiction.

Plaintiffs are Milton A. Calesnick and Eleanor J. Calesnick. They have brought suit against the Commonwealth of Pennsylvania, State Board of Finance and Revenue (Defendant), seeking to recover monies they allege were erroneously turned over to the Defendant.

Summary judgment is available when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, considered together, reveal that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa. Superior Ct. 225, 464 A.2d 1313 (1983). In addition, this severe disposition should be granted only in cases where the right thereto is clear and free from doubt. *Id.*

We consider first the Plaintiffs' motion. The parties agree that there are no issues with respect to any material facts. Briefly, those facts are as follows. In 1970, the Plaintiffs, acting through the Sheppard Corporation, in which they were shareholders, purchased property in the City of Philadelphia. Title to the property was vested in Sheppard Corporation. Some years later, this property was sold at a sheriff's sale and the proceeds, $11,395.02, were turned over to Defendant as payment of Sheppard Corporation's past-due corporate taxes. It is this sum Plaintiffs seek to recover.

In 1986, Plaintiffs and the Sheppard Corporation entered into what Plaintiffs term an amicable action in common pleas court, which resulted in the following court order:

AND NOW, this 8th day of October, 1986, upon examination of the Plaintiffs' *Agreement For An Amicable Action,* and examination of the Defendant's Answer thereto, it is hereby ORDERED and DECREED that the entire sum of money which developed from the sale of the real estate located at No. 15 Strawberry Street, Phil-

adelphia, Pa., and the real estate located at No. 18 S. Front Street, Philadelphia, Pa.

> IS THE PROPERTY OF THE PLAIN-TIFFS Milton A. Calesnick and his wife Eleanor J. Calesnick as the final judgment of the dispute between these parties, and agreed to by the parties in accordance with stipulated terms in their Agreement of September 25, 1986.

> Additionally, in accordance with stipulations of the said Agreement, Plaintiffs, in mutual exchange, are hereby barred from any further action against the Defendant upon this cause.

This order serves as the basis for Plaintiffs' motion for summary judgment.

Plaintiffs' first claim is that the Defendant failed to deny the averments contained in paragraph 7 of their complaint and that, presumably, we must accept those averments as conclusive. Paragraph 7 of the complaint contains an excerpt of the court order and reads, in pertinent part, as follows:

> 7. In order to resolve for all time any question as to who was the rightful owner of the said real estate and the funds which developed out of the Sheriff's Sale of the property, the parties involved (Sheppard Corporation and the Calesnicks—Plaintiffs herein) entered into an Amicable Action in the Court of Common Pleas, Philadelphia County (October Term, 1986, No. 225) which resulted in an Order issued and recorded of record on October 8, 1986. . . .

In its answer, Defendant responded to paragraph 7 as follows:

> 7. The allegation in Paragraph 7 stating: 'In order to resolve for all time any question as to who was the rightful owner of said real estate and the funds which developed out of the

sheriff's sale of the property', is denied as a conclusion of law to which no answer is required. The allegation contained in paragraph 7 stating 'the parties involved . . . entered into an amicable action in the Court of Common Pleas of Philadelphia County . . . which resulted in an order issued and recorded of record on October 8, 1986' is denied as the Defendant is without sufficient information to form a belief as to the truth of the averment. If material, strict proof of this averment is demanded.

Plaintiffs, proceeding *pro se,* take issue with the Defendant's characterization of the first sentence of paragraph 7 of the complaint as a conclusion of law. Suffice it to say that the question of title to real property is certainly one of law, and the Defendant's answer to paragraph 7 is legally sufficient as it is not required to respond to conclusions of law. As the Defendant states, it is not the fact of the existence of the court order which it denied, but its legal effect.

Plaintiffs next argue that they are entitled to judgment as a matter of law due to the existence of the above-quoted court order, which they claim settled the question of who was entitled to the disposition of the proceeds from the sheriff's sale in 1980. They contend that, by virtue of that order, there exists an "estoppel by judgment," precluding the Defendant from relitigating the question therein determined.

Defendant argues that neither the principles of *res judicata* nor collateral estoppel are applicable here. We must agree. We have held that

[f]or . . . res judicata . . . to prevail, there must be a concurrence of four conditions: (1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality

or capacity of the parties suing or sued. Stevenson v. Silverman, 417 Pa. 187, 190, 208 A.2d 786, 787-8 (1965), cert. denied, 382 U.S. 833 (1965); Cameron Bank v. Aleppo Twp., 338 Pa. 300, 304, 13 A.2d 40, 41 (1940).

*McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 617, 300 A.2d 815, 819-20 (1973). It is obvious that identity of both parties and issues is lacking here. The court order, on its face, is a ratification of a stipulated agreement between the named parties, Plaintiffs and the corporation in which they were shareholders. It declares that the proceeds of the sale of the corporation's real property belonged to the Plaintiffs. The Defendant here was not a party to that suit and had long since collected those proceeds from the Sheppard Corporation for back taxes. In the matter before us, the individual Plaintiffs are seeking reimbursement of corporate tax monies owed to and collected by the Defendant from the Sheppard Corporation, itself not a party to this action. We have stated that

> for purposes of res judicata, there is identity of causes of action when in both the old and new proceedings the subject matter and the ultimate issues are the same. Beyond this, determination of the question must rest in the sound discretion of the courts as applied to the circumstances of each case, having proper regard both to the public policy of res judicata and to the rights of the parties to have every bona fide issue passed upon.

*McCarthy* at 618, 300 A.2d at 820 (emphasis deleted) (citations omitted). Here, we have no trouble concluding that *res judicata* does not apply.

The general rule for the application of collateral estoppel was thoroughly explained in *Day* at 236-37, 464 A.2d at 1318-19:

The doctrine of collateral estoppel is a broader concept than res judicata. It operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. . . . Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar. 'Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either "a sword or a shield" by a stranger to the [prior] action, as long as the party against whom the defense is invoked is the same.' . . . ' "[A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action." ' (Citations omitted.)

Obviously the defendant here had no opportunity to litigate the issue in question, *i.e.* whether the Plaintiffs were entitled to the proceeds of the sheriff's sale. Thus, collateral estoppel is inapplicable here.

Because Plaintiffs' motion for summary judgment rests on our acceptance of their argument that the common pleas court order is conclusive against the Defendant, said motion is denied for the foregoing reasons.

Turning to the Defendant's motion, it argues that the complaint fails to state a cause of action, and that it is entitled to judgment as a matter of law. Plaintiffs admit

that title to the real estate sold at the sheriff's sale was in Sheppard Corporation. Plaintiffs' sole claim to the proceeds of that sale rests on its agreement with the Sheppard Corporation in 1986. However, the Sheppard Corporation alone could have sought relief in 1980 when the Commonwealth collected the tax payments, or before. The corporation took no action until 1986 to petition for review of the tax settlements issued by the Department of Finance and Revenue for the years 1973—1979, when the corporation failed to file tax returns. (The various petitions were denied, and no appeal was taken). The sheriff's sale of the corporate property was apparently unchallenged. Plaintiffs claim that the existence of an equitable maxim "he who pays—owns" must apply to protect their property rights. No case citations accompany this assertion. In essence, Plaintiffs argue that the corporation was a mere "straw" party to the underlying real estate transactions. Having set up a protective corporate entity for whatever reason, the Plaintiffs clearly may not now disregard that entity and seek reimbursement of taxes owed by the corporation. As Defendant notes, there is a statutory procedure which must be used by any party seeking a tax resettlement. *See* Sections 13 and 14 of The Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§1102, 1103.[1] Individual Plaintiffs simply may not step in, seven years after corporate taxes have been collected, and demand reimbursement for themselves.

Accordingly, Plaintiffs have failed to state a cause of action for which relief may be granted, and Defendant's motion for summary judgment is granted.

---

[1] These sections were repealed by Section 8(a) of the Act of October 5, 1978, P.L. 1104 insofar as they are inconsistent with said Act.

## Per Curiam Order

And Now, this 9th day of March, 1988, Plaintiffs' motion for summary judgment is denied and Defendant's motion for summary judgment is hereby granted.

President Judge Crumlish, Jr. did not participate in the decision in this case.