582 A.2d 402

Robert G. ARCURIO

v.

**GREATER JOHNSTOWN SCHOOL DISTRICT and Greater Johnstown Education Association.**

**Appeal of GREATER JOHNSTOWN SCHOOL DISTRICT.**

Robert G. ARCURIO

v.

**GREATER JOHNSTOWN SCHOOL DISTRICT and Greater Johnstown Education Association.**

**Appeal of GREATER JOHNSTOWN EDUCATION ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Oct. 10, 1990.

Reargument Denied Dec. 5, 1990.

Petition for Allowance of Appeal Denied June 10, 1991.

Ralph F. Kraft, Johnstown, for appellant, Greater Johnstown School Dist.

William K. Eckel, Johnstown, for appellant, Greater Johnstown Educ. Ass'n.

Richard T. Williams, Sr., Johnstown, for appellee.

Before PALLADINO and McGINLEY JJ., and BARRY, Senior Judge.

McGINLEY, Judge.

The Greater Johnstown School District (School District) and the Greater Johnstown Education Association (Association) appeal from an order of the Court of Common Pleas of Cambria County (common pleas court) which reversed a decision of the School District's Board of Directors (Board) and reinstated Robert G. Arcurio (Arcurio) as a teacher. We affirm.

## Issues

The issues raised by the School District are whether the common pleas court had jurisdiction to clarify its May 30, 1986 order 82 days after its entry and to direct the Board to conduct a local agency hearing in the absence of a timely request for reconsideration by Arcurio; whether Arcurio was the proper teacher to be furloughed on June 20, 1984; and whether the common pleas court exceeded its proper scope of review in reversing the Board's July 20, 1987 decision. The issues raised by the Association, in addition to whether the common pleas court had the jurisdiction or authority to modify its May 30, 1986 order, are whether the common pleas court had the jurisdiction or authority to set aside the Board's July 20, 1987 adjudication; whether the common pleas court had the jurisdiction or authority to set aside a binding arbitration award issued July 2, 1984 in another teacher's grievance proceeding which adversely affected Arcurio; and whether the common pleas court erred in keeping the Association in the case.

## Prior History

Arcurio was hired as a teacher by the School District on May 22, 1972. At that time, Arcurio's certificate from the Department of Education (Department) indicated he was certified to teach social studies and the mentally retarded (special education). Arcurio taught continuously in the School District from 1972 through the 1983–84 school year. During that time Arcurio spent four years teaching in the special education department. On June 9, 1981, the Department invalidated Arcurio's certification to teach special education after discovering that it had been mistakenly issued. Arcurio had never requested certification in special education, but was assigned to that department by the School District as a result of his certification. Arcurio maintained his certification in social studies during the entire period. On June 20, 1984 Arcurio received notice from the School District's Superintendent that he was the least senior social studies teacher and as a result was being suspended pursu-

ant to Section 1124 of the Public School Code of 1949 [1] because of a substantial decrease in enrollment. On June 25, 1984 Arcurio requested a formal hearing to discuss his furlough.

On July 3, 1984 the Association filed a grievance on behalf of Arcurio alleging that the furlough violated the collective bargaining agreement between the Association and the School District. However, by letter dated July 27, 1984, the Association's Grievance Chairperson notified the Board that it was not in support of the grievance filed on behalf of Arcurio because it was in direct conflict with a binding arbitration award issued July 2, 1984 in a collateral proceeding involving another teacher's furlough. On August 6, 1984 the Board denied Arcurio's grievance. The Association did not seek arbitration. Although a hearing on the matter was initially approved by the Board, no hearing was held before Arcurio's grievance was denied.

### Liska Arbitration

On September 11, 1983, in an earlier proceeding involving a different teacher, the Association filed a grievance on behalf of John Liska (Liska), one of its members. On June 22, 1983, Liska, a social studies teacher for more than ten years with the School District, was informed that he would be placed on layoff status effective September 6, 1983. Although Liska had secured a new teaching position with the Somerset Area School District beginning September 15, 1983, he sought compensation for the period from September 6–15, 1983. Before the arbitrator, the Association contended that Liska's layoff was improper because Arcurio, a less senior employee, should have been placed on layoff rather than Liska. The Association argued that Arcurio had only two-plus years seniority because his teaching experience was broken from 1977 to March 1982 when he taught special education under an invalid teaching certificate. The School District, on the other hand, contended that Arcurio had a valid certificate until the Department

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1124.

invalidated it, and as a result, Arcurio was entitled to credit for the time that he taught special education.

In his decision the arbitrator reasoned that Arcurio could not be considered a professional employee under the collective bargaining agreement between the School District and the Association for the period of time he taught special education without valid certification. Consequently, the arbitrator concluded that Arcurio had only one-plus years of continuous service at the time Liska was placed on layoff and thereby entered an award sustaining Liska's grievance. The School District did not appeal the arbitrator's award.

Although the arbitrator's decision adversely affected Arcurio's seniority status, Arcurio was told not to attend the Liska proceeding. In fact, the record reflects that, even though the arbitrator would have permitted Arcurio's attorney to be present at the Liska hearing, Donald Zucco, the School District's Superintendent, informed Arcurio that he could not participate in the Liska proceeding. Furthermore, Ronald Ward, counsel for the Association, which represented Liska at the hearing, never informed Arcurio of his right to participate. Reproduced Record (R.R.) at 144a–145a. On July 27, 1984 Arcurio filed a petition to intervene in the Liska arbitration and, in the alternative, an appeal of the arbitrator's award. The School District and Association filed a motion to quash. Judge Creany of the common pleas court noted that Arcurio could not appeal the arbitration award since he was not a party to the arbitration and, because the arbitrator's award was not appealed, there was no court action in which Arcurio could intervene. Accordingly, Judge Creany granted the motion to quash Arcurio's petition.

### Declaratory Judgment Action

On October 10, 1985, Arcurio filed a declaratory judgment action against the School District and the Association alleging that he was improperly furloughed by the School District on June 20, 1984. Arcurio alleged that the School District erroneously computed his seniority by deducting

the number of years he had spent teaching in special education. Arcurio asserted that under the policies of the Department his seniority could not be broken unless all his certificates were suspended or revoked.

The Association and the School District filed preliminary objections alleging lack of jurisdiction, res judicata, and nonjoinder of necessary parties. The Association also demurred on the grounds that Arcurio failed to state a valid cause of action. On May 30, 1986 the common pleas court sustained the preliminary objections and dismissed the action concluding that it did not have jurisdiction under 42 Pa.C.S. § 7541(c)(2),[2] because the Board had exclusive jurisdiction over the propriety of Arcurio's furlough. In its order, the common pleas court directed Arcurio to file a grievance and request a local agency hearing before the Board.

By letter dated June 16, 1986, Arcurio requested a hearing before the Board. By letters dated August 5-6, 1986, the School District informed Arcurio that on July 28, 1986 the Board denied his request for a hearing. On August 13, 1986, Arcurio filed a petition in the common pleas court for clarification of its May 30, 1986 order. On August 20, 1986 the common pleas court entered an order directing the Board to schedule a hearing within thirty days. However, the School District and the Association were not given notice of the filing of Arcurio's petition.

A subsequent hearing was held and the School District argued that Arcurio's failure to file post-trial motions or a motion for reconsideration precluded the common pleas court from reconsidering its decision. The common pleas court noted that it was not reconsidering its order but clarifying it pursuant to its authority under 42 Pa.C.S. § 323.[3] Also, the common pleas court noted that the School

2. This section provides that declaratory relief is unavailable where a tribunal other than a court has exclusive jurisdiction.

3. 42 Pa.C.S. § 323 provides:
   Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its

District, in its preliminary objections to Arcurio's declaratory judgment action, asserted that Arcurio's remedy was a hearing before the Board. Accordingly, the common pleas court determined that the Board could not later oppose granting Arcurio a hearing before the Board. As a result, in its December 1, 1986 order, the common pleas court again directed the School District to grant Arcurio a Board hearing.

## Board's Decision

On January 26, 1987 and March 23, 1987, the Board held hearings on the propriety of Arcurio's furlough. On July 20, 1987 the Board issued its decision. The Board made the following critical findings of fact:

4. As a result of proceedings before the Department of Education against Mr. Arcurio, the Secretary of Education annulled his certificate for Mental Retarded [sic] on June 9, 1981.

5. At that time, the District reduced Mr. Arcurio's seniority by four years, the time he taught without a valid certificate.

6. Due to substantial decline in student enrollment the District determined to furlough two social studies teachers, and on May 21, 1984 took formal action to furlough.

7. The seniority list of social studies teachers indicated that Mr. Arcurio was the least senior in May and June of 1984.

8. In June of 1984 the District Superintendent and the Greater Johnstown Education Association reviewed the Seniority list and the possibilities of checkerboarding and determined that Mr. Arcurio had to be furloughed.

. . . .

jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

12. On July 2, 1984, in a collateral proceeding before a labor arbitrator, the arbitrator ruled that Mr. Arcurio was not a professional employee during the time he taught mentally retarded [sic] under an invalid certificate and thus had a break in service which prevented him from accruing seniority with the District until his return to teaching social studies in the spring of 1981. This ruling partially corroborated the action previously taken by the District. (Citations omitted.)

Board's Decision, July 20, 1987, at 2–3.

Based upon its findings, the Board concluded that the School District properly decided to furlough two social studies teachers at the end of the 1983–84 school year and that Arcurio was the least senior social studies teacher at that time. The Board also concluded that the School District was bound by the Liska arbitration award to reduce Arcurio's seniority by four years and that Arcurio's due process rights had not been violated.

### Common Pleas Court's Decision

Arcurio appealed the Board's decision to the common pleas court. Judge Long of the common pleas court determined that the Board's necessary findings of fact were not supported by substantial evidence and that the Board's conclusions were not in accordance with the law. In his June 22, 1989 decision Judge Long determined that the Board's finding (No. 5) that Arcurio's seniority was reduced by the School District in 1981 was unsupported by substantial evidence because the School District's 1982 seniority list still credited Arcurio with ten-plus years of service. Judge Long also noted that, at the June 5, 1984 hearing held during the Liska arbitration proceeding, the School District took the position that Arcurio had a valid certificate while he taught special education and was therefore entitled to full seniority credit for the entire time he taught in the School District. R.R. at 477a.

Judge Long also determined that the Board's finding (No. 8) that the School District Superintendent and the Associa-

tion reviewed the seniority list and the possibility of checkerboarding[4] and determined that Arcurio had to be furloughed, was also unsupported by substantial evidence. R.R. at 478a. Judge Long's determination was based upon the testimony of Ronald Cover (Cover), the Association's representative responsible for participation in staff realignment during the 1983–84 school year. Cover testified that if Arcurio had ten-plus years of service and if checkerboarding had been used, Arcurio's furlough would have been improper. R.R. at 210a–211a.

Judge Long further held that Arcurio was not bound by the provisions of the arbitrator's award in the Liska proceeding because Arcurio was told by representatives of the School District and the Association not to appear at the Liska hearing. Judge Long noted that Arcurio's fundamental interest in his seniority rights cannot be adversely impacted without affording Arcurio a fair hearing. Judge Long pointed out that, in response to the School District's inquiry, the Department indicated that Arcurio's seniority would not be affected. Thus, Judge Long determined that Arcurio's seniority should not have been reduced and concluded that Arcurio had been improperly furloughed and entered an order remanding the matter for a determination of damages and directing Arcurio be reinstated with full seniority.

Both the School District and the Association appealed. This Court, per Senior Judge Lipsitt, found the common pleas court order to be interlocutory and dismissed the appeals without prejudice to either the School District or the Association to seek certification for appeal pursuant to Pa.R.A.P. 1311 (interlocutory appeals by permission). On February 7, 1990, the common pleas court amended its June 22, 1989 order in accordance with 42 Pa.C.S. § 702(b) and

4. Checkerboarding has been defined as follows: "When there are layoffs to be made, the School District Administration and School Board will assign teachers to various areas of their certification so as to layoff the least senior employee possible under the circumstances." *McKeesport Area School District v. Cicogna*, 125 Pa.Commonwealth Ct. 99, 104, 558 A.2d 116, 118 (1989).

certified the order as one involving a controlling question of law that contains substantial ground for differences of opinion. On March 23, 1990, this Court granted both the School District and the Association permission to appeal.

Our scope of review, where a complete record is developed before the local agency, is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the proceedings before the agency were contrary to statute, or whether the necessary findings of fact were supported by substantial evidence. 2 Pa.C.S. § 754; *Appeal of McClellan,* 82 Pa. Commonwealth Ct. 75, 475 A.2d 867 (1984).

### Association's Appeal

■ With regard to the Association's appeal, we need only address the issue of whether the common pleas court erred in keeping the Association in this case after Arcurio's declaratory judgment action was dismissed. In the Association's preliminary objections to Arcurio's declaratory judgment action, the Association asserted that Arcurio's complaint failed to set forth a valid claim against the Association. This demurrer was never ruled upon because the common pleas court determined that it did not have jurisdiction. The only mention of the Association appears in one paragraph of Arcurio's complaint and states that the Association was "the sole and exclusive representative for professional employes of the Greater Johnstown School District." R.R. at 3a. Arcurio's complaint does not allege a violation of the Association's duty of fair representation under the collective bargaining agreement.

The common pleas court's May 30, 1986 order, which dismissed Arcurio's declaratory judgment action and directed Arcurio to request a local agency hearing before the Board, was silent as to the Association. Furthermore, Arcurio, in his August 13, 1986 petition for clarification, does not assert any claims or make any allegations against the Association. At all times since the commencement of the Liska proceeding Arcurio has been represented by coun-

sel not affiliated with the Association. Also, we note that the decision to furlough Arcurio on June 24, 1984 was made by the School District Superintendent after prior approval by the Board. The decision to furlough Arcurio was not made by the Association.

On August 21, 1987 Arcurio filed an appeal of the Board's decision at the same docket number and using the same caption that was used in the 1985 declaratory judgment action. Arcurio did not remove the Association from the caption despite the fact that he did not mention the Association anywhere in his appeal petition. *See* R.R. at 424a–428a. Although counsel for the Association was present at the Board hearing, he did not introduce any evidence or cross-examine any witnesses for either the School District or Arcurio. Accordingly, we must conclude that, as a result of the common pleas court's dismissal of Arcurio's declaratory judgment action, the Association was no longer involved in the controversy. Moreover, any action that Arcurio may have against the Association for breach of its duty of fair representation is within the exclusive jurisdiction of the Pennsylvania Labor Relations Board. *Segilia v. Riverside School Service Personnel Association,* 106 Pa.Commonwealth Ct. 336, 526 A.2d 832 (1987).

## School District's Appeal

■ The School District's first contention is that the common pleas court did not have jurisdiction on August 20, 1986 to amend or change its May 30, 1986 order. On December 1, 1986, after arguments on a rule to show cause why the August 20, 1986 order should not be revoked, the common pleas court issued a decision addressing the School District's contention that the common pleas court could not clarify its May 30, 1986 order to direct a mandatory Board hearing. The common pleas court noted that, in preliminary objections to Arcurio's declaratory judgment action, the School District asserted that the common pleas court lacked jurisdiction because Arcurio's exclusive remedy was a hearing before the Board. However, Arcurio's subse-

quent June 16, 1986 request for hearing was denied by the Board. As the common pleas court noted, it is difficult to fathom how the Board could deny Arcurio a hearing after the School District had previously asserted before the common pleas court that a Board hearing was Arcurio's exclusive remedy. *See* R.R. at 56a–59a.

The School District's position on appeal before this Court is that 42 Pa.C.S. § 5505 [5] and the Superior Court's decision in *Vanleer v. Lerner*, 384 Pa.Superior Ct. 558, 559 A.2d 577 (1989), prohibit the common pleas court from clarifying its order more than thirty days after May 30, 1986. It is, however, of no consequence whether Arcurio's petition for clarification was filed within 30 days of the common pleas court's May 30, 1986 order. Pursuant to 2 Pa.C.S. § 752, Arcurio could have appealed to the common pleas court from the Board's July 28, 1986 decision denying his request for a local agency hearing. Since notice of the Board's decision was not mailed to Arcurio until August 5, 1986, we will treat Arcurio's August 13, 1986 petition for clarification as an appeal from a local adjudication under 2 Pa.C.S. § 752. *See Palyok v. Borough of West Mifflin*, 122 Pa. Commonwealth Ct. 25, 30–31, 551 A.2d 622, 625. Accordingly, we hold that the common pleas court did not err by entering its December 1, 1986 order directing the Board to hold a mandatory hearing on the propriety of Arcurio's furlough.

The School District's next two contentions are that Arcurio was the proper professional employee to be furloughed because he was the least senior social studies teacher in May 1984 and that the common pleas court exceeded its scope of review by choosing to accept the testimony of Cover, a witness called by Arcurio, over other witnesses in finding that Arcurio was not the correct teacher to be

5. 42 Pa.C.S. § 5505 provides:
    Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

furloughed at the time. Our review of the record indicates that the Board's finding that the School District and the Association reviewed the seniority list and the possibilities of checkerboarding and determined that Arcurio had to be furloughed, is unsupported by substantial evidence. Specifically, there is no evidence in the record to support a finding that the School District properly credited Arcurio with ten-plus years of seniority or reviewed the possibilities of checkerboarding before determining that Arcurio had to be furloughed.

Instead, as the common pleas court noted, the Board based its holding that Arcurio was properly furloughed on its unsupported findings that: (1) upon the Department's invalidation of Arcurio's certification to teach special education in 1981, the School District reduced Arcurio's seniority by four years and (2) that this reduction in seniority was corroborated by the arbitrator's award in the subsequent Liska proceeding wherein the arbitrator found that Arcurio could not accrue seniority while teaching under an invalid certificate.

A review of the record reveals no evidence to support a finding that Arcurio's seniority had been reduced by the School District at the time his certification in special education was invalidated. To the contrary, the record indicates that the Department notified the School District that Arcurio's seniority should not be reduced even though he taught in an area not covered by his certificate. R.R. at 9a.

Furthermore, the Liska arbitration award cannot be relied upon by the Board to reduce Arcurio's seniority. Arcurio cannot be bound by the Liska award under either the principles of res judicata or collateral estoppel because Arcurio was not a party to the Liska proceeding. In *Calesnick v. Pennsylvania Board of Finance and Revenue*, 114 Pa.Commonwealth Ct. 292, 538 A.2d 989 (1988) we noted that, in order for res judicata to apply, there must be an identity of parties; and that for collateral estoppel to apply, the party against whom it is asserted must have had

a full and fair opportunity to litigate the issue in the prior action. *Id.,* 114 Pa.Commonwealth Ct. at 296–298, 538 A.2d at 990–991.

■ Arcurio was not a party to the Liska arbitration and was thus precluded from either participating in the proceedings before the arbitrator or appealing his decision. It was not until the Board hearing that Arcurio had a full and fair opportunity to litigate the propriety of his furlough. Accordingly, we conclude that the Liska arbitration cannot be used by the Board to corroborate an alleged 1981 decision of the School District to reduce Arcurio's seniority by four years where the record indicates that such a decision had never been made. As a result, we hold that the Board's findings that Arcurio's seniority was reduced in 1981 by the School District and that this decision was subsequently corroborated as by the Liska arbitration award are unsupported by substantial evidence. Thus, we conclude that the propriety of Arcurio's furlough could only be determined if Arcurio was credited with his ten-plus years seniority.

■ The School District's next contention is that the common pleas court exceeded its scope of review by making a finding that Arcurio was improperly furloughed based upon the testimony of Cover, an Association representative, called as a witness by Arcurio. Cover, who was responsible for the Association's participation in staff realignment or checkerboarding during the 1983–84 school year, testified at the Board hearing that, if Arcurio had been credited with ten-plus years of service and the checkerboarding method of staff realignment had been used, Arcurio's furlough would have been improper. R.R. at 210a–211a.

We must agree with the School District. Where a full and complete record was developed before a local agency, the common pleas court's appellate function regarding the agency's findings of fact is limited to a determination of whether the findings are supported by substantial evidence. *Appeal of McClellan.* The common pleas court, in its June 22, 1989 decision exceeded its proper scope of review. Based on Cover's testimony the common pleas court made a

finding that, at the time Arcurio's furlough letter was sent on June 20, 1984, the furlough determination was improper. However, we find this error by the common pleas court to be harmless in light of our determination that the Board's necessary findings of fact are not supported by substantial evidence and that the common pleas court correctly determined that the Board improperly furloughed Arcurio.

Accordingly, we affirm the June 22, 1989 order of the common pleas court and remand for further proceedings in accordance with the provisions of that order.

PALLADINO, J., dissents.

### ORDER

AND NOW, this 10th day of October 1990, the June 22, 1989 order of the Court of Common Pleas of Cambria County in the above-captioned proceeding is affirmed and this case is remanded for further proceedings in accordance with the provisions of that order.

Jurisdiction relinquished.