## Commonwealth ex rel. Miller, Appellant, *v.* Sommer.

448

Argued September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Miles I. Potter,* with him *Frederick W. Culbertson,* for appellant.

*Cloyd Steininger,* for appellee.

PER CURIAM, November 28, 1932:

Henry J. Sommer was elected district attorney of Snyder County in 1929. William K. Miller, his predecessor in office, was granted a writ of quo warranto upon which Sommer was ousted from office for the reason he had not been a resident of Snyder County for the required period of time. In accordance with the opinion filed with the decree of ouster, Miller resumed office. In

1931 Sommer secured a writ of mandamus directing the commissioners of Snyder County to include the election of a district attorney in the regular election proclamation, and filed nomination petitions to have his name placed on the ballot as a candidate. Miller also filed nomination petitions and both were candidates at the Republican primary in September, 1931. Sommer secured the nomination on the Republican ticket and Miller became the Democratic nominee. The November election resulted in Sommer's favor and he took office as district attorney, January 4, 1932. On January 29, 1932, Miller presented to the court below a suggestion for writ of quo warranto, challenging Sommer's right to the office. Upon refusal of the court to issue the writ, relator took the present appeal.

The issuance of a writ of quo warranto rests within the sound discretion of the court. In such case the appeal is in the nature of certiorari and we will consider only whether there was a palpable abuse of discretion: Com. v. Luker, 258 Pa. 602, 607. Even though we disregard that rule for the purposes of this case, we cannot agree with appellant's contention on the merits, that under the provisions of the County Code of 1929, the district attorney can be elected only quadrennially and that no valid election was held in November, 1931.

Section 2 of article XIV of the Constitution of Pennsylvania provides as follows: "County officers shall be elected at the municipal elections and shall hold their offices for the term of four years, beginning on the first Monday of January next after their election, and until their successors shall be duly qualified; all vacancies not otherwise provided for, shall be filled in such manner as may be provided by law."

The legislature has provided for the precise situation under consideration, by the Act of 1929, P. L. 1278 (the General County Law), in section 51, as amended by the Act of 1931, P. L. 401, 406, as follows: "All such [county] officers shall be elected at the municipal elec-

tion next preceding the expiration of the terms of the officers now in office, and quadrennially thereafter and shall hold their offices for a term of four years from the first Monday of January next after their election and until their successors shall be duly qualified, but in the event that any such officer, so elected, shall fail to qualify, or if no successor shall be elected, then the officer then in office shall continue in office only until the first Monday of January following the next municipal election, at which time his successor shall be elected for a term of four years. ......"

Appellant's argument that the amendment of 1931 is unconstitutional cannot be supported. The act does not run counter to the Constitution but is manifestly in accord with the intention expressed therein, which is that the legislature may provide the method of filling vacancies caused by the failure of an elected officer to qualify for his office.

The decree of the lower court is affirmed at appellant's cost.