## Kearney's Account.

Argued April 28, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*A. A. Vosburg,* with him *W. B. Landis, Alex Marcus* and *D. H. Jenkins,* for appellants.

*Stanley F. Coar,* with him *William J. Kearney* and *David J. Reedy,* for appellee.

OPINION BY STADTFELD, J., June 28, 1939:

Michael J. Kearney, the appellee, was a candidate for nomination to the office of tax collector in the Borough of Dunmore at a primary election held September 14,

1937. He filed an election expense account to which exceptions were filed by appellants.

A petition for audit of the expense account, under the provisions of the Pennsylvania Election Code of June 3, 1937, P. L. 1333 (25 PS §3231) was filed, whereupon the court appointed Jesse E. Sickler, Esq., member of the Bar of Lackawanna County, to audit the account and make a report to the court. The auditor held hearings and took a large amount of testimony. He found that of the ten specific charges only one was proved, and only one was sustained by him. The charge that was sustained alleged that certain payments as shown in the account filed, were made in cash and not by check or money order as required by Section 1604 (b) of the Act of June 3, 1937, P. L. 1333 (25 PS §3224).

The auditor found from the testimony of the accountant himself, which was the only testimony on the point, that these were technical violations involving no moral delinquency. The conclusion of the auditor is expressed in the following language: "Your auditor believes, and finds as a fact, that the account in this case is neither false nor fraudulent. Even if we applied a standard of requiring the petitioners to establish their case by a mere preponderance of the evidence, their case, in this respect, fails. In fact, the evidence preponderates the other way." Upon exceptions to the report of the auditor, the court, in an opinion by HOBAN, J., sustained the report in every respect, approved the recommendations of the auditor and ordered the proceedings be dismissed. It is from this action of the court below that this appeal is taken.

As pointed out by the auditor, the only evidence as to the payments referred to was that elicited from the accountant himself.

Section 1611 (c) of the Code provides: "If the court shall decide upon the audit that any person, whether a candidate or not, has accepted contributions or incurred expense or has expended or disbursed money in

contravention of this act, or has otherwise violated any of the provisions of this act, it shall certify its decision to the district attorney of the county in which such person may reside, and it shall thereupon be the duty of such district attorney to institute criminal proceedings against such person."

Section 1612 of the Code provides: "If upon audit of any expense account or accounts under the provisions of this act, it shall appear that any candidate who has been nominated or elected has accepted any contributions, incurred any expense or disbursed any money in contravention of this act, either directly or through the treasurer of any committee authorized by section 1603 of this act to pay or incur primary or election expenses in furtherance of his candidacy, or through any other person with his knowledge and consent, whether expressly authorized or not, the court of quarter sessions shall forthwith certify that fact to the Attorney General, who thereupon shall file in the proper court a suggestion for a writ of quo warranto against such candidate ......".

Section 1611 (d) of the Code provides: "No person shall be excused from answering any question in any proceeding under this section on the ground that such answer would tend to incriminate him; but no such answer shall be used as evidence against such person in any criminal action or prosecution whatever, except in an action for perjury in giving such testimony."

The words "in any criminal action or prosecution whatever" are very broad and comprehensive. In 32 Cyc. pp. 727-8, it is laid down: "Prosecution. As applied to actions or suits generally, the following up or carrying on of an action or suit already commenced until the remedy be attained; the act of conducting or waging a proceeding in court; the institution and carrying on of a suit in a court of law or equity, to obtain some right, or to redress and punish some wrong."

In 50 C. J. p. 795, we read: "Prosecution. A word of

limited or extended signification according to the intention of the lawmaker or person using it. In its broadest sense the term would embrace all proceedings in the courts of justice or even elsewhere, for the protection or enforcement of a right or the punishment of a wrong, whether of a public or private character. In a more limited sense the term includes the act of conducting or waging a proceeding in court; the following up or carrying on of an action or suit already commenced until the remedy be attained; the institution and carrying on of a suit in a court of law or equity, to obtain some right, or to redress and punish some wrong. Notwithstanding the word may be and often is used to describe a criminal proceeding, that is not its necessary signification; it properly may be used in a more extended sense to include a civil proceeding, to refer to a civil proceeding, as meaning to begin a civil action, as applying to the carrying forward of litigation on the civil side of the court, and, in common parlance, is said to be frequently applied to civil actions for torts. In its most restricted sense it is part of the terminology of the criminal law, ......".

The accountant testified that he did not know that the law required each payment of $10 or more to be made by a check or money order. The Election Code of 1937 was approved on June 3, 1937. Quoting from the report of the Auditor: "Very likely this is true. After the appointment of your auditor, Judge HOBAN was kind enough to loan him his copy, but was informed the supply was exhausted. At the hearings, Judge HOBAN'S copy was used by counsel in the case. Our pamphlet laws were not delivered till the early part of March, 1938."

While ignorance of the law excuses no one, according to the ancient maxim, everyone being presumed to know the law, it would operate as a rather violent presumption under the circumstances of the instant case in an effort to ascertain whether there was fraud or corrup-

tion. The provisions of Section 1604 (b) of the Election Code of June 3, 1937, are new to the law in adding the requirement that payments amounting to ten dollars or more shall be made by check or money order drawn to the order of the individual, association or corporation to whom the payment is due. It was not required in filing expense accounts prior to the enactment of this section in 1937 that payments should be made by check or money order. It is a fact as found by the auditor, and approved by the court, that at the time of the accounting in this case, the accountant did not know the provisions of the act. While it must be conceded that ignorance of the provisions of the Act of 1937 would not excuse the accountant from compliance with it, yet, such a severe and drastic penalty as subjecting him to the danger of loss of a position to which the people of the Borough of Dunmore had elected him, upon a mere passive act or omission which involved no moral turpitude or fraud, would be inconsistent with our sense of justice.

Appellants in their brief state: "The violations of law in the instant case, would subject the accountant to a criminal prosecution, as the act provides that such violations be certified to the District Attorney for prosecution. *Act June 3, 1937, P. L. 1333, Art. XVI, Section 1611. But the appellants did not, and are not now, asking that this be done.* Their contention is, that the case should have been certified to the Attorney General, so that quo warranto proceedings might be instituted by him." In view of this statement, we shall confine ourselves to the remaining question of a right to a writ of quo warranto.

Quoting from the opinion of the court below:

"The auditor has found, and we concur with him, that these expenditures in amounts over ten dollars, paid in cash instead of by check or money order, were, if violations of the Code at all, purely technical in character.

All such expenditures were properly accounted for and were expenses authorized to be paid by a candidate."

The right to a writ of quo warranto is not absolute. It rests in the sound discretion of the court. Quoting from the opinion of Mr. Justice PAXSON in *Commonwealth v. Davis,* 109 Pa. 128, at p. 129: "It is settled law both in this country and in England that quo warranto is not a writ of right; it rests in the sound discretion of the judge whether he will allow the writ. The late Chief Justice GIBSON has made this so plain in *Com. v. Jones,* 2 Jones 365, that no room is left for doubt. The same rule is declared in *Com. v. Reigart,* 14 S. & R. 216; *Com. v. Cluley,* 6 P. F. S. 270, and in *Com. v. McCarter,* 2 Out., 607." See also *Com. ex rel. Miller v. Sommer,* 309 Pa. 447, 164 A. 515.

In our disposition of this case we do not wish to be understood as departing one iota from what we stated in the case of *Petition of Wilhelm et al.,* 111 Pa. Superior Ct. 133, 169 A. 456, at p. 142: "It is not our intention that the provisions of the act of assembly should in any manner be relaxed *in any case where the evidence indicates fraud or corruption.* The purity of the ballot is the bulwark of our form of government, and the acts of assembly in relation to elections are intended to preserve their sanctity." (Italics supplied).

In the absence of any finding and no evidence to sustain such a finding of fraud or corruption, we believe that the auditor, as well as the learned court below, arrived at a correct conclusion.

The assignments of error are overruled and the order of the court below is affirmed at the costs of appellants.