674 A.2d 683

**Debra KRUPINSKI, Appellant,**

v.

**VOCATIONAL TECHNICAL SCHOOL, EASTERN NORTHAMPTON COUNTY, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1996.

Decided April 17, 1996.

Charles L. Herring, Philadelphia, for D. Krupinski.

David L. Masenheimer, John E. Freund, III, Allentown, for Vo–Tech Schl.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

We have granted allowance of appeal to address the issue of whether appellee Vocational–Technical School of Eastern Northampton County's Operating Committee (Vo–Tech)[1] improperly commingled prosecutorial and adjudicatory functions, in violation of the principles of *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), where Vo–Tech

---

1. Vocational–Technical School of Eastern Northampton County is now known as the Career Institute of Technology.

initially voted to suspend appellant Debra Krupinski, a tenured professional teacher, as a result of curtailment of educational programs, and subsequently adjudicated Krupinski's challenge to her suspension. We affirm the Commonwealth Court's ruling that our decision in *Lyness* is inapplicable here and that Krupinski's due process rights have not been violated.

Krupinski was employed as a reading specialist by Vo–Tech from 1984 until 1992. The president of Vo–Tech's Operating Committee notified Krupinski on June 9, 1992, by letter, that she was suspended on May 14, 1992 as a result of curtailment or alteration of educational programs pursuant to sections 1124(2) and 1125.1 of the Public School Code of 1949, 24 P.S. §§ 11–1124(2) and 11–1125.1,[2] and that she had the right to request a suspension hearing before Vo–Tech's Operating Committee pursuant to the Local Agency Law.[3] Krupinski timely requested a hearing. Prior to this hearing, the Department of Education granted Vo–Tech's request for approval to eliminate Krupinski's teaching position.

Krupinski's requested hearing was held on September 24, 1992. Vo–Tech issued its adjudication on December 17, 1992, upholding Krupinski's suspension pursuant to section 1124(2). Krupinski appealed this Local Agency adjudication to the Common Pleas Court of Northampton County pursuant to appeal provisions in the Local Agency Law.[4] The trial court affirmed Vo–Tech's decision, as did the Commonwealth Court, finding Krupinski's suspension proper under section 1124(2) of the School Code and finding no violation of Krupinski's due process rights under *Lyness*.

We granted allowance of appeal to address Krupinski's argument, based on *Lyness*, that she had property rights in her continued professional employment which have been taken

2. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 1–101 *et seq.*

3. Act of April 28, 1978, P.L. 202, *as amended*, 2 Pa.C.S. §§ 105, 551–555, 751–754.

4. *See* 2 Pa.C.S. § 752.

away by Vo–Tech without due process of law. After our thorough review of this appeal, we find no violation of the constitutional principles set out in *Lyness* occurred here.

In *Lyness,* the State Board of Medicine (Board of Medicine) initiated a professional licensing disciplinary prosecution against the appellant physician therein, based on an investigation concerning allegations of his sexual misconduct toward patients, and subsequently acted as the ultimate factfinder in determining whether the physician's license should be suspended. Under the regulatory scheme in *Lyness,* the accused was forced to face, as the "impartial" adjudicator of his case, the same body which had heard allegations and formed judgment concerning probable cause to prosecute him. The appellant physician contended this commingling of roles in the Board of Medicine was a violation of his right to due process under the Pennsylvania Constitution.

In addressing this due process issue, this Court explained that the basic elements of procedural due process under our Commonwealth's Constitution are adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case. *Lyness,* 529 Pa. at 540–42, 605 A.2d at 1207. We pointed out in *Lyness* that the Board of Medicine, as a result of this commingling of roles, was privy to information used in the decision to initiate prosecution which potentially would be inadmissible as evidence at the hearing. We stated:

> Whether or not any actual bias existed as a result of the [State Board of Medicine] acting as both prosecutor and judge is inconsequential; the potential for bias and the appearance of non-objectivity is sufficient to create a fatal defect under the Pennsylvania Constitution.

*Lyness,* 529 Pa. at 546–48, 605 A.2d at 1210. We thus held in *Lyness* that the procedures followed by the State Board of Medicine created a commingling of prosecutorial and adjudicative functions within a single multi-member administrative

board which was inconsistent with the notion of due process embodied in our Pennsylvania Constitution.

Citing *Lyness*, Krupinski claims her due process rights have been violated by Vo–Tech's commingling of both prosecutorial and adjudicatory functions. Krupinski argues that by voting to suspend her teaching position, Vo–Tech initially acted as a prosecutor. She then asserts that by reviewing her suspension challenge, Vo–Tech was a biased adjudicator because of Vo–Tech's prior decision to suspend her. In support of her argument, Krupinski quotes language concerning a school board's dual role as prosecutor and adjudicator from this Court's prior decision in *Belasco v. School District of Pittsburgh*, 510 Pa. 504, 510 A.2d 337 (1986).

*Belasco* involved a School Board's dismissal of two teachers after the School Board found them guilty of charges including willful violation of the School Laws of Pennsylvania. In *Belasco*, this Court recognized that in dismissal cases pursuant to sections 1126 through 1129 of the School Code, 24 P.S. §§ 11–1126 through 11–1129 (relating to dismissal of tenured professional employes), the School Board acts as both prosecutor and judge, since the School Board "prefers the charges, prosecutes the case and makes the decision." *Belasco*, 510 Pa. at 514, 510 A.2d at 342. Pursuant to sections 1126 through 1129, a School Board notifies the tenured professional employe of the charges upon which his dismissal is based; the School Board then conducts an evidentiary hearing on these charges and determines whether dismissal is warranted. In dismissal cases, section 1131 of the School Code, 24 P.S. § 11–1131, provides for *de novo* review of the facts surrounding the dismissal in an independent forum. *Belasco, supra.*

Krupinski contends that the need for an unbiased initial adjudication is greater in the suspension scenario than in the case of dismissal of a teacher because there is no provision in the School Code for *de novo* review of the facts giving rise to the suspension in an independent forum. The flaw in Krupinski's argument is that she does not show how Vo–Tech functioned in both prosecutorial and adjudicatory

capacities in the present matter. Her suspension pursuant to section 1124(2) of the School Code was nondisciplinary in nature.

Section 1124(2) of the School Code provides:

Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

. . . . .

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction[.]

24 P.S. § 11–1124(2).[5]

Section 1125.1 of the School Code, 24 P.S. § 11–1125.1,[6] in turn, sets forth the manner for determining the professional employes to be suspended under section 1124.[7] *See O'Connor v. Wattsburg Area School District,* 104 Pa.Cmwlth. 13, 520 A.2d 1266 (1987). The decision to suspend a professional employe in accordance with section 1125.1 is considered to be an "adjudication" within the meaning of the Local Agency Law. 24 P.S. § 11–1125.1(f). Any person aggrieved by this adjudication and who has a direct interest in the adjudication has the right to appeal to a court under section 752 of the

5. The powers and duties of the Department of Public Instruction, to which section 11–1124(2) refers, were transferred to the Department of Education by section 1 of the Act of July 23, 1969, P.L. 181, 71 P.S. § 1037.

6. This section was added to the School Code by section 3 of the Act of November 20, 1979, P.L. 465, and has subsequently been amended by section 4 of the Act of July 10, 1986, P.L. 1270.

7. We note that Krupinski did not raise any issue in the lower courts challenging Vo–Tech's application of the realignment of professional staff under section 1125.1.

Local Agency Law, 2 Pa.C.S. § 752. *See, e.g., Arcurio v. Greater Johnstown School District,* 136 Pa.Cmwlth. 34, 582 A.2d 402 (1990), *alloc. denied,* 527 Pa. 651, 593 A.2d 423 (1991), and 527 Pa. 655, 593 A.2d 426 (1991).

■ Unlike the disciplinary action taken by the Board of Medicine in *Lyness,* Krupinski's suspension was not based on any charges stemming from some action or inaction by her. In approving the elimination of the reading program and the Communication/Reading Specialist position held by Krupinski, Vo–Tech was not serving in a prosecutorial capacity with regard to Krupinski. Our Superior Court explained in *In re Kearney,* 136 Pa.Super. 78, 7 A.2d 159 (1939), implicit in the term "prosecution", in general, is "the institution and carrying on of a suit in a court of law or equity, to obtain some right, or to redress and punish some wrong." *Id.* at 82, 7 A.2d at 161. There was no redress or punishment for any wrong involved here. This Court stated in *Kaplan v. School District of Philadelphia,* 388 Pa. 213, 217, 130 A.2d 672, 675 (1957), with regard to section 1124:

> [t]he suspended teacher is released with no stigma, dishonor, or discredit. He is sent home with regret and with the anticipation of an early return.

Moreover, Vo–Tech held the Local Agency Law suspension hearing to consider Krupinski's challenge to Vo–Tech's compliance with section 1124(2) to make certain that the reason for which she was suspended existed and to insure that the procedure prescribed in section 1125.1 had been followed. *See O'Connor, supra; Fatscher v. Board of School Directors, Springfield School District,* 28 Pa.Cmwlth. 170, 367 A.2d 1130 (1977). Krupinski exercised her right to appeal Vo–Tech's adjudication to the trial court. The trial court held that Vo–Tech sustained its burden of establishing that Krupinski's suspension was done in conformance with section 1124(2).[8]

8. We did not grant allowance of appeal as to Krupinski's challenge to this determination.

*See Sporie v. Eastern Westmoreland Area Vocational–Technical School,* 47 Pa.Cmwlth. 390, 408 A.2d 888 (1979).

The potential for bias from the commingling of prosecutorial and adjudicatory roles as was our concern in *Lyness,* thus, is not present in the instant appeal.[9]

We accordingly affirm the decision of the Commonwealth Court.

NEWMAN, J., did not participate in the consideration or decision of this case.

NIGRO, J., files a dissenting opinion.

NIGRO, Justice, dissenting.

I respectfully dissent from the Majority Opinion. I find it illogical to have a process in place wherein the same body which initiates a teacher's suspension then reviews a challenge to that suspension. I find the result to be contrary to common sense and fairness.

---

**9.** In reaching this conclusion, we note, with approval, the Commonwealth Court's decision in *Coyle v. Middle Bucks Area Vocational Technical School,* 654 A.2d 15 (Pa.Cmwlth.1994), *alloc. denied,* 541 Pa. 644, 663 A.2d 695 (1995), in which the Commonwealth Court rejected the contention of appellant therein, who was a professional employe of a Vocational–Technical school suspended under section 1124(2), that her due process rights had been violated under *Lyness.* The *Coyle* Court correctly determined that the suspension at issue differed from the disciplinary action taken in *Lyness,* and was not prosecutorial in nature.