**Kevin T. CALLAHAN, Appellant,**

v.

**MID VALLEY SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1998.
Decided Nov. 18, 1998.

Charles L. Herring, Philadelphia, for appellant.

James A. Kelley, Scranton, for appellee.

Before DOYLE and LEADBETTER, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Kevin T. Callahan (Callahan) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court), denying his appeal from a decision of the Mid Valley School District Board of Directors (Board), sustaining his suspension. We affirm.

Callahan was employed by the Mid Valley School District (District) as an industrial arts teacher. Callahan was the least senior employee within the District's industrial arts program (program). In June of 1996, the District adopted a resolution authorizing the Superintendent of Schools to conduct a study of student enrollments for the upcoming school year. The study found a 47% decline in enrollment in the program for the school year 1995–1996 and projected a 56% decline in the upcoming 1996–1997 school year, when compared to the enrollment figures for the 1994–1995 school year.

Due to the declining enrollment, the Board authorized the curtailment of the program, including the suspension of a staff member within the program.[1] The Board notified the Pennsylvania Department of Education by letter dated July 24, 1996, of its intention to curtail the program and suspend an employee. By letter dated July 25, 1996, the Board also notified Callahan of the curtailment of the program and his suspension as a result of his lack of seniority within the program. The Department of Education subsequently approved the curtailment of the program due to the substantial decline in program enrollment.

Callahan then requested a hearing by the Board. The hearing was held on March 24, 1997. Private counsel represented Callahan. Attorney James Kelly, solicitor for the Board, represented the interests of the District in asserting that the suspension was proper. The Board appointed Attorney Joseph Gaughan as hearing examiner, to rule on evidentiary issues and to provide the Board with legal advice. Attorney Kelly and Attorney Gaughan worked in the same law office at the time of the hearing. Because of this fact, Callahan asserted at the hearing that his due process rights were violated by reason of the improper commingling of functions between Attorney Gaughan, the hearing examiner, and Attorney Kelly, the solicitor.

On April 30, 1997, the Board issued a decision affirming Callahan's suspension. Callahan then filed a petition for review with the trial court, again asserting that his due process rights had been violated. The trial court found that the record established that Attorneys Gaughan and Kelly worked in the same law office, but did not establish the existence of a supervisory relationship between the attorneys. The trial court also found no appearance of impropriety in the record, noting that Attorney Gaughan was only called upon to make one evidentiary ruling at the hearing and this ruling was later rendered moot by an agreement be-

---

1. Section 1124(2) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1124(2), authorizes such action by the Board.

tween the parties. Hence, the trial court denied Callahan's appeal. Callahan now appeals to this Court.

On appeal,[2] Callahan once again asserts that his due process rights were violated as a result of the Board's commingling of functions between its hearing examiner and solicitor. We disagree.

■ Section 1125.1 of the Code, 24 P.S. § 11–1125.1,[3] addresses the suspension of professional employees. Section 1125.1(f), 24 P.S. § 11–1125.1(f), provides that a decision to suspend shall be considered an adjudication within the meaning of the Local Agency Law.[4] Section 553 of the Local Agency Law, 2 Pa.C.S. § 553, specifically provides that an adjudication is invalid unless a party is afforded due process, i.e., "reasonable notice of a hearing and an opportunity to be heard." *Id.* A third long-recognized element of due process is the chance to defend oneself before a fair and impartial tribunal.[5]

Callahan argues that he was denied this third element of due process due to the fact that Attorneys Gaughan and Kelly worked in the same law office. Callahan argues that this fact represents an impermissible commingling of functions between the hearing examiner in an adjudicatory role and the Board solicitor in a prosecutorial role. Callahan relies on the cases of *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992) and *Pittsburgh Board of Public Education v. MJN*, 105 Pa.Cmwlth. 397, 524 A.2d 1385 (1987), *petition for allowance of appeal denied*, 518 Pa. 633, 541 A.2d 1392 (1988), in support of this argument. However, Callahan's reliance on these cases seems misplaced. Both cases clearly involved disciplinary action, *Lyness* dealing with a doctor's sexual molestation of patients and *MJN* dealing with a student gaining unauthorized access to the school's main computer.

Due process rights have been interpreted differently in cases of non-disciplinary action. The Pennsylvania Supreme Court addressed a due process argument in *Krupinski v. Vocational Technical School, Eastern Northampton County*, 544 Pa. 58, 674 A.2d 683 (1996). In that case, Krupinski, a teacher, was suspended as a result of the curtailment of an educational program. Krupinski was afforded a hearing before the operating committee (the equivalent of the Board in the instant case) in accordance with the Local Agency Law. Krupinski argued that her due process rights were violated as a result of the commingling of prosecutorial and adjudicatorial roles by the operating committee, i.e., voting to suspend and then reviewing her suspension.

The Court held that the suspension of a teacher as a result of the curtailment of educational programs was non-disciplinary in nature. The Supreme Court also held that the operating committee was not serving in a prosecutorial capacity and that the purpose of the hearing was to ensure that the reasons for the suspension existed and that all procedural requirements were followed. The Supreme Court ultimately found no due process violations.

This Court addressed a similar situation in *Coyle v. Middle Bucks Area Vocational Technical School*, 654 A.2d 15 (Pa.Cmwlth. 1994), *petition for allowance of appeal denied*, 541 Pa. 644, 663 A.2d 695 (1995). Coyle was employed as an instructor in the airline travel and recreational program and was furloughed as a result of the curtailment of the program. A hearing was held before the school's governing body, the Executive Council (the equivalent of the Board in the instant case).

Coyle argued that her due process rights were violated by the Executive Council's

---

**2.** Our scope of review of a local agency decision is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact were supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. §754(b).

**3.** Section 1125.1 was added by the Act of November 20, 1979, P.L. 465, *as amended.*

**4.** 2 Pa.C.S. §§ 551 – 555, 751 – 754.

**5.** *See, e.g., Commonwealth v. Thompson*, 444 Pa. 312, 281 A.2d 856 (1971); *Quigley v. Philadelphia Civil Service Commission*, 528 Pa. 195, 596 A.2d 144 (1991).

commingling of prosecutorial and adjudicatory roles, i.e., voting to furlough and then reviewing her furlough. We held that the action of the Executive Council in curtailing the program and suspending an employee was non-disciplinary and required the approval of the Department of Education. We also held that such action by the Executive Council was not prosecutorial in nature. Ultimately, we found no due process violations.

Furthermore, this Court addressed similar issues in *Harris v. School District of Philadelphia*, 155 Pa.Cmwlth. 169, 624 A.2d 784 (Pa.Cmwlth.1993), *petition for allowance of appeal denied*, 538 Pa. 616, 645 A.2d 1319 (1994). Harris was a principal in a classification 7 high school. The school district had implemented a principal transfer protocol policy to improve the school system and provide professional growth opportunities. A district superintendent recommended that Harris be transferred under the policy to a classification 5 high school, a demotion for Harris. Harris sought and received a hearing from the school board. The school board upheld the transfer. Harris appealed to the Secretary of Education, who affirmed the transfer.

Harris then appealed to this Court alleging that her due process rights were violated by the commingling of functions between the prosecutor before the school board and the legal advisor to the school board, as both individuals were employed by the Office of General Counsel for the School District of Philadelphia. She also asserted that the prosecutor supervised the attorney advising the school board.[6] This Court found that Harris failed to point to any evidence in the record to support this latter allegation and also failed to establish even an appearance of impropriety. Thus, we affirmed the decision of the Secretary of Education.

■ In the instant case, Callahan was suspended as a result of the curtailment of an educational program. Callahan was afforded a hearing regarding his suspension. This hearing was non-disciplinary in nature. In addition, the curtailment of the program and

Callahan's subsequent suspension required the approval of the Department of Education. Attorney Kelly, in representing the interests of the District in asserting that the suspension was proper, was not acting in a prosecutorial nature. Attorney Kelly was simply presenting evidence to establish that the reasons for the suspension existed and that the District complied with the proper procedures for Callahan's hearing. Furthermore, the evidence of record established that Attorneys Gaughan and Kelly worked in the same law office, but the record is devoid of evidence establishing the existence of a supervisory relationship between these two attorneys. Thus, we see no violation of Callahan's due process rights.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 18th day of November, 1998, the order of the Court of Common Pleas of Lackawanna County is affirmed.

Judge DOYLE dissents.

---

6. Case law has established that where such a supervisory relationship exists there is a denial of due process. *See, e.g., Goldberg v. Commonwealth, State Board of Pharmacy*, 49 Pa.Cmwlth. 123, 410 A.2d 413 (Pa.Cmwlth.1980).