J-S33031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.S., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| C.B., | |
| Appellant | No. 103 EDA 2014 |

Appeal from the Decree entered December 13, 2013,
in the Court of Common Pleas of Delaware County,
Civil Division, at No: 11-08305

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 31, 2014**

C.B. ("Father") appeals *pro se* from the custody order in the Court of Common Pleas of Delaware County granting K.S. ("Mother") sole legal and physical custody of the parties' minor child.  We vacate and remand.

The trial court set forth the following facts and procedural history in its opinion pursuant to Pa.R.A.P. 1925(a):

> The parties are the natural parents of one (1) minor child, born on September 27, 2005.  Mother filed a Complaint for Full Custody on October 26, 2011[,] alleging that Father has a history of physical violence and verbal abuse, including against Mother, and has failed to attempt to be involved in the child's life prior to Father's incarceration.  Father was served . . . at his place of incarceration, SCI Smithfield, on January 18, 2012[,] with the Complaint and notice that a custody conference was scheduled for January 23, 2012.  On January 23, 2012, a Custody Master entered a Temporary Custody Order granting Mother sole legal and physical custody of the child and noted that Father had the right to file for modification of the Order upon his release from incarceration.

Father filed Objections on February 14, 2012[,] requesting a *de novo* hearing and the opportunity to be physically present at such hearing. Mother filed a Motion to Quash Appeal on December 12, 2012[,] arguing, *inter alia*, that Father's Appeal of the Temporary Custody Order was not properly served upon Mother and was meritless given Father's incarceration for his second aggravated assault with a weapon conviction three and a half (3 ½) hours away from the child's primary residence. The Trial Court held a pretrial conference on December 14, 2012. Father . . . confirmed his identity and presence by video from SCI Smithfield. At the conference, the Trial Court ordered Father to file a Response to Mother's Motion to Quash and a memorandum containing Father's proposed plan for exercising custody during Father's incarceration within thirty (30) days from the date of the conference.

The below-signed trial judge, having not received the requested Response from Father and being unaware that the Response from Father, which Father purportedly mailed on January 13, 2013, was filed past the deadline on January 23, 2013, entered the March 14, 2013 Order dismissing Father's request for a *de novo* custody hearing. Father appealed that Order[,] and the Trial Court requested a remand to consider Father's Response to Mother's Motion to Quash and a memorandum containing Father's proposed plan for exercising custody during Father's incarceration.

Trial Court Opinion, 2/11/14, at 1-3 (citation omitted).

On appeal, this Court concluded that Father timely mailed his response to Mother's motion to quash and accompanying memorandum under the Prisoner Mailbox Rule. ***See Thomas v. Elash***, 781 A.2d 170, 175 (Pa. Super. 2001) (extending the prisoner mailbox rule to service in civil proceedings). As such, we vacated the trial court's order dated March 14, 2013, and we remanded the case for the trial court to respond to Father's request for a *de novo* hearing. ***See K.S. v. C.B.***, 87 A.3d 390 (Pa. Super. 2013) (unpublished memorandum).

- 2 -

Upon remand, the trial court described the subsequent events as follows:

> [T]he Trial Court considered *de novo* Mother's Complaint in Custody and Father's Response to [Mother's] Motion to Quash, which included the requested memorandum containing Father's proposed plan for exercising legal custody during [his] incarceration, and entered the Final Custody Order dated December 12, 2013[, and entered on December 13, 2013,] granting Mother sole legal and physical custody of the minor child.

Trial Court Opinion, 2/11/14, at 3.

On January 6, 2014, Father filed *pro se* a notice of appeal. Father did not concurrently file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). By order dated January 12, 2014, the trial court directed Father to file a concise statement within twenty-one days. On January 24, 2014, Father filed *pro se* a concise statement. Because no party claims prejudice as a result of Father's failure to concurrently file a concise statement, and Father timely complied with the court order to file it, we will not quash or dismiss his appeal. ***See In re: K.T.E.L.***, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that an appellant's failure to strictly comply with Pa.R.A.P. 1925(a)(2)(i) did not warrant an application of the waiver rule, as no court order had been violated, and there was no prejudice to any party). ***Cf. J.P. v. S.P.***, 991 A.2d 904, 908 (Pa. Super. 2010) (stating the appellant waived her issues on appeal when she failed to concurrently file a concise statement of errors complained of on

J-S33031-14

appeal with her notice of appeal and subsequently failed to timely comply with the trial court's order to file a concise statement).

On appeal, Father presents the following issues which we discern from his 1925(b) statement and as explained in his brief:

> 1. Was Father denied due process by failure of the custody master to provide him the required time in which to defend against Mother's custody complaint in violation of Pa. R.C.P. 1018.1 ?
>
> 2. Did the trial court err in ordering termination of Father's parental rights[1] by its failure to address all the custody factors under 23 Pa. C.S.A. § 5328?
>
> 3. Was Father denied due process by the trial court's failure to provide him a meaningful opportunity to respond to Mother's assertions that Father should be denied legal custody?

The scope and standard of review in custody matters is well-established:

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

_____

[1] To the extent Father argues the order involuntarily terminated his parental rights, Father is mistaken. The order relates to custody, not to the termination of Father's parental rights.

-4 -

> *R.M.G., Jr. v. F.M.G.*, 2009 PA Super 244, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting *Bovard v. Baker*, 2001 PA Super 126, 775 A.2d 835, 838 (Pa. Super. 2001)).  Moreover,
>
>> [O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>>
>> The parties cannot dictate the amount of weight the trial court places on evidence.  Rather, the paramount concern of the trial court is the best interest of the child.  Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.
>
> *R.M.G., Jr., supra* at 1237 (internal citations omitted).  The test is whether the evidence of record supports the trial court's conclusions.  *Ketterer v. Seifert*, 2006 Pa. Super. 144, 902 A.2d 533, 539 (Pa. Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

The primary concern in any custody case is the best interests of the child.  The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well[-]being.  *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (*citing Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004)).

In his first issue, Father, in sum, asserts he was not given adequate notice of the custody conference with the custody master, in contravention of Pa.R.C.P. 1018.1 (Notice to Defend), due to being served with the complaint and notice five days before the custody conference was held.

Because the trial court considered Mother's custody action *de novo*, Father's notice of the custody conference is not relevant to this appeal, and we will not review it.[2]

In his second issue, Father argues the trial court erred by failing to specifically address the factors set forth in 23 Pa.C.S.A. § 5328(a).[3] Further, Father argues the court did not provide a meaningful opportunity for him to present evidence in the custody matter, and the order is not supported by sufficient evidence.

The Child Custody Act ("Act"), 23 Pa.C.S.A. §§ 5321-5340, became effective on January 24, 2011. Because Mother initiated the underlying action after the effective date of the Act, the Act is applicable. ***See C.R.F. v. S.E.F.***, 45 A.3d 441 (Pa. Super. 2012). Section 5328(a) provides:

> § 5328. Factors to consider when awarding custody.
>
> (a) *Factors.* – In ordering any form of custody, the court shall determine the best interest of the child by considering all

---

[2] Upon review of the certified record before this Court, it appears that the custody conference was a non-record proceeding pursuant to Pa.R.C.P. 1915.4-3 (Non-Record Proceedings. Trial).

[3] Notably, Father challenges the order insofar as it granted Mother sole legal custody. Father does not raise any issue with respect to the order granting Mother sole physical custody. The Act defines "legal custody" as "[t]he right to make major decisions on behalf of the child, including, but not limited to, medical, religious and educational decisions." 23 Pa.C.S.A. § 5322. The Act further defines "sole legal custody" as "[t]he right of one individual to exclusive legal custody of the child." ***Id.*** The Act defines "shared legal custody" as "[t]he right of more than one individual to legal custody of the child." ***Id.***

relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[4]

In **A.V.**, **supra**, we reiterated as follows:

"**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." **J.R.M. v. J.E.A.,** 2011 PA Super 263, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). . . .

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." **C.B. v. J.B.,** 2013 PA Super 92, 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, ___ Pa. ___, 70 A.3d 808 (2013). Section 5323(d) applies to cases involving custody and relocation. **A.M.S. v. M.R.C.**, 2013 PA Super 156, 70 A.3d 830, 835 (Pa. Super. 2013).

In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." **M.J.M.**

---

[4] The Act was amended, effective January 1, 2014, to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services).

> ***v. M.L.G.,*** 2013 PA Super 40, 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, ___ Pa. ___, 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). ***Id.***

***A.V.***, 87 A.3d at 822-823.

Instantly, in its opinion pursuant to Pa.R.A.P. 1925(a), the trial court stated that, "[a]fter consideration of all the applicable factors enumerated in 23 Pa.C.S.A. § 5328(a), the trial court found that granting Father shared legal custody of the minor child at this time would not be in the child's best interest and would pose a risk to the best interests of the child." Trial Court Opinion, 2/11/14, at 8. However, the court did not specifically address any of the section 5328(a) factors in its Rule 1925(a) opinion. Moreover, the court did not "set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which [Father had to] file a notice of appeal" pursuant to our decision in ***C.B.***, ***supra***. We conclude that the court's cursory reference to considering the section 5328(a) best interest factors without providing any analysis of those factors is contrary to above-cited case law and is insufficient for our appellate review.

Father finally argues that the court did not provide a meaningful opportunity for him to present evidence with respect to exercising shared legal custody of his minor child. Specifically, Father contends that he was not given an opportunity to respond to Mother's assertion in her complaint

that he has had limited contact with her and the child, which the court adopted as a finding, as follows:

> Father has had limited, if any, contact with the child and Mother, both in the past and in the present, giving Father a serious lack of knowledge concerning the child's current medical, social, emotional and educational needs. The Trial Court seriously questions Father's ability to make decisions in the best interests of the child given this lack of knowledge and limited ability to obtain the information required to satisfy his parental duties and make decisions concerning the child's medical, social, emotional and educational needs. Granting Father legal custody <u>at this time</u>, under the current circumstances, would not be in the best interest of the child and would pose a serious risk to the child's welfare. . . .

Trial Court Opinion, 2/11/14, at 8-9 (emphasis in original). Father states in his brief that he "was ordered to respond to Mother's 'motion to quash' [] at the pre-trial conference of December 14, 2012. Nowhere in the motion to quash is this claim raised[;] therefore, Father never addressed it." Father's brief at 8 (footnote omitted). We agree that Father was not afforded the opportunity to be heard in a meaningful manner with respect to exercising shared legal custody.

> It is well-established that a parent's right to have meaningful communication and visitation with his child is a liberty interest protected by the United States Constitution. ***Santosky v. Kramer***, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Our appellate courts have stated quite clearly that
>
>> [i]t has long been against our public policy to limit or destroy the relationship between parent and child. . . . Every parent has the right to develop a good relationship with the child, and every child has the right to develop a good relationship with both parents.

> *In re Constance W.,* 351 Pa. Super. 393, 398, 506 A.2d 405, 408 (1986) (quoting *Fatemi v. Fatemi,* 339 Pa. Super. 590, 597, 489 A.2d 798, 802 (1985)).  Thus, "even when sole legal and physical custody is awarded to one parent, Pennsylvania courts scrupulously protect the non-custodial parent's right to maintain a meaningful parental relationship with his or her child." *Zummo v. Zummo*, 394 Pa. Super. 30, 45, 574 A.2d 1130, 1138 (1990).

*Sullivan v. Shaw,* 650 A.2d 882, 884 (Pa. Super. 1994).

"At its core, procedural due process requires 'adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.'" *S. Med. Supply Co. v. Myers*, 804 A.2d 1252, 1259 (Pa. Super. 2002) (*citing Krupinski v. Vocational Technical Sch.*, 674 A.2d 683, 685 (Pa. 1996)).  The right to procedural due process necessarily includes an "opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted).

Nevertheless, "[d]ue process is flexible and calls for such procedural protections as the situation demands."  *Id.* at 334 (citation omitted).  The government may tailor the amount of procedural protection to a situation by balancing the marginal value of additional protections against the marginal costs such additional protections would impose on the government.  *Id.* at 335.

Father's guarantee of due process entitles him to an evidentiary hearing with respect to his request for shared legal custody.  By not affording Father a meaningful opportunity to be heard on this issue, the trial

court denied Father due process. The trial court must afford Father a meaningful opportunity to be heard on this issue. "Prisoners' claims can be heard without their being removed from prison and physically brought to court." *Sullivan*, 650 A.2d at 884-85. This opportunity may be conducted by video from SCI Smithfield, the same as the court conducted the pre-trial conference. Alternatively, Father may again be provided an opportunity to file an informal brief where he can set forth his position in response to Mother's claims. *Id.* at 885 ("As long as prisoners seeking visitation have the opportunity to tell the court how they would marshall their resources to enable visitation, then they have a meaningful opportunity to be heard."). Allowing the trial court to make a preliminary determination upon Father's written submission may best conserve the Commonwealth's resources without increasing the risk of erroneous deprivation. *Id.* Should it appear that Father is entitled to additional protection after review of his writing, to ensure a meaningful opportunity to be heard, the trial court may fashion an additional and appropriate remedy at that time.

Because the trial court failed to make the required application of section 5328(a) and failed to provide Father with a meaningful opportunity to present evidence, we are constrained to vacate the order and remand for further proceedings consistent with this Memorandum.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2014