J-S30015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.A. O/B/O | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| S.A. | |
| v. | |
| S.M. | |
| APPEAL OF: LACKAWANNA COUNTY | |
| | No. 1655 MDA 2016 |

Appeal from the Order Entered September 7, 2016
In the Court of Common Pleas of Lackawanna County
Orphans' Court at No(s): 16 FC 40874

BEFORE:  SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED JULY 18, 2017**

Appellant, Lackwanna County Office of Youth and Family Services ("OYFS") appeals from the order entered on September 7, 2016, that denied its motion to quash a subpoena and awarded L.A., on behalf of minor child S.A. ("Victim"),[1] attorney's fees in the amount of $300.  We affirm.

The facts of this matter were set forth by the trial court as follows:

> This case involves S.[A]., a minor child, (hereinafter "Victim") attempting to obtain her records from the Office of Youth and Family Services (hereinafter "OYFS") of Lackawanna County by a Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.22. On July 22, 2016, the Victim issued a Subpoena to Produce Documents or Things for

---

[1] L.A. is the Victim's mother.

Discovery Pursuant to Rule 4009.22 to the [OYFS] requiring it to produce "Any and all information, video, written statements and physical evidence and or reports gathered by your agency relative to [Victim], born [in June of 2011]." (Subpoena 07/22/16). On August 22, 2016, OYFS filed a Motion to Quash Subpoena and Objection to Subpoena. (Motion 08/22/16). On September 7, 2016, the Victim filed an Answer to Motion to Quash and Objections to Subpoena. (Answer 09/07/16). Oral Arguments were held before this Jurist on September 7, 2016. This Court entered an Order dated September 7, 2016 denying OYFS'[s] Motion to Quash Subpoena and Objection to Subpoena and ordered OYFS to pay the Victim's attorney's fees in the amount of three hundred dollars ($300.00) within thirty (30) days of the Order. (Order 09/07/16). On October 3, 2016, OYFS filed its Notice of Appeal of the Order dated September 7, 2016, as it pertains to requiring the payment of the Victim's attorney's fees in the amount of three hundred dollars ($300) by OYFS. (Notice 10/03/16).

Trial Court Opinion, 11/16/16, at 1-2. Both OYFS and the trial court have complied with Pa.R.A.P. 1925.

On appeal, OYFS raises the following issues for this Court's consideration:

I. Whether the judge erred and/or abused her discretion in awarding attorney fees against [OYFS] on the basis that [OYFS's] Motion to Quash Subpoena was against the law or contrary to the law?

II. Whether the judge erred and/or abused her discretion in awarding attorney fees against [OYFS] when there were no findings of fact to justify such action?

III. Whether the judge erred and/or abused her discretion in awarding attorney fees against [OYFS] when there was no finding of frivolous or done for delay?

OYFS's Brief at 4.

Our rules of civil procedure provide in relevant part, as follows:

**Failure to Comply with Subpoena. Notice to Attend or Notice to Produce**

(b) If a party fails to comply with a subpoena, a notice to attend or a notice to produce, the court may enter any order imposing appropriate sanctions authorized by Rule 4019(c) and, if the failure to comply is for the purpose of delay or in bad faith, the court may impose on that party the reasonable expenses actually incurred by the opposing party by reason of such delay or bad faith, including attorney's fees. If the failure is wilful the court, after hearing, may adjudge the party to be in contempt.

Pa.R.C.P. 234.5(b). Additionally, "[o]ur standard of review of an award of attorneys' fees is well settled: we will not disturb a trial court's determinations absent an abuse of discretion." *Miller v. Miller*, 983 A.2d 736, 743 (Pa. 2009) (citation omitted).

OYFS's issues focus on the trial court's award of attorney's fees due to OYFS's failure to provide the information Victim requested. The trial court addressed OYFS's claims as follows:

According to the Pennsylvania Child Protective Services Law, reports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and reports made pursuant to Section 6313 as well as any other information obtained, reports written or photographs or X-rays taken concerning an alleged instance of child abuse in the possession of the department or a county agency[,] shall be confidential. 23 Pa.C.S.A. § 6339 (West 2016).

However, such law provides clear exceptions for the release of information in confidential reports. 23 Pa.C.S.A. § 6340 (West 2016). ["]Upon written request, a subject of a report may receive a copy of all information contained in the statewide database or in any report filed pursuant to Section 6313.["] 23 Pa.C.S.A. § 6340(b) (West 2016). Further, Pennsylvania Child Protective Services Law defines "Subject of the report" as "[a]ny child, parent, guardian or other person responsible for the welfare of a child or any alleged or actual perpetrator in a report

made to the department or a county agency under this chapter." 23 Pa.C.S.A. §6303 (West 2016). Furthermore, information contained in case records shall be released upon request to parents and legal guardians as well as to children['s] and parents' attorneys. 55 Pa. Code § 3130.44(d) (Westlaw 2016). Clearly, the Victim was entitled to her records from OYFS according to 23 Pa.C.S.A. § 6340(b) and 55 Pa. Code § 3130.44(d).

During the hearing, OYFS stated that the Victim can review the file, but that OYFS has always insisted on a court order and not a subpoena for the release of the records. (H.T. 09/07/16, p. 7). However, that is contrary to law, and OYFS knew or should have known of such when it filed its Motion to Quash Subpoena and Objection to Subpoena. In 2015, the Honorable District Judge James M. Munley ruled in *L.W. v. Lackawanna Cty., Pa.*, [in] which OYFS was a named party, that the Agency's Motion to Quash a Subpoena for its case file in a tort action should be denied based on the fact that the [V]ictim was entitled to the reports as she was the "Subject of the investigation." *L.W. v. Lackawanna Cty., Pa.*, No. 3:14CV1610, 2015 WL 1499865, (M.D. Pa. Apr. 1, 2015).

Trial Court Opinion, 11/16/16, at 2-3.

As noted above, OYFS argues that the trial court erred in concluding that its motion to quash the subpoena was against the law, erred in failing to make findings of fact, and awarded attorneys' fees where there was no frivolousness or delay. We disagree with each claim of error.

The trial court clearly explained that despite OYFS's "insistence" on a court order to release the requested information, such is not the law. Trial Court Opinion, 11/16/16, at 3. Pursuant to 23 Pa.C.S. § 6340(b), Victim was entitled to receive the report pursuant to the subpoena, and the trial

court's factual basis wherein it concluded that a court order was not required, was apt. *Id*. at 4. Moreover, OYFS is presumed to know the law,[2] and its filing of a motion to quash the subpoena, when a written request **was all that was required by law**,[3] was frivolous. Accordingly, we discern no error of law or abuse of discretion, and we affirm the trial court's order denying OYFS's motion to quash the subpoena and award of attorney's fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

---

[2] *See In re Kearney*, 7 A.2d 159, 161 (Pa. Super. 1939) (reiterating the legal maxim that ignorance of the law is no excuse because everyone is presumed to know the law).

[3] 23 Pa.C.S. § 6340(b).